**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Warren Lee UNDERWOOD,**
**Defendant–Appellant.**

**No. 01–15547.**

**D.C. Nos. CR–96–5059 REC,**
**CV–00–5243–REC.**

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 9, 2002.*

Decided Sept. 16, 2002.

Before PREGERSON, ALARCON, and WARDLAW, Circuit Judges.

MEMORANDUM **

Warren Lee Underwood appeals the district court's denial of his motion pursuant to 28 U.S.C. § 2255. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Underwood argues that there was a material variance between the indictment, which alleged that the drug involved in the offenses was methamphetamine, and the evidence offered at trial, which he claims indicated that the drug involved was amphetamine. *See United States v. Olano,* 62 F.3d 1180, 1194 (9th Cir.1995). However, drug type is not an element of the offense; the government need only show that defendant possessed or conspired to possess some controlled substance. *See United States v. Carranza,* 289 F.3d 634, 644 (9th Cir.2002). In any event, the evidence presented at trial clearly demonstrated that

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Underwood possessed methamphetamine.[1] Therefore, there was no material variance between the indictment and the evidence.

Underwood's argument that *Apprendi*[2] applies retroactively to cases on initial collateral review was rejected in *United States v. Sanchez–Cervantes*, 282 F.3d 664, 667–71 (9th Cir.2002).

All pending motions are denied.

**AFFIRMED.**

---

1. For the same reason, Underwood's challenge to the district court's sentencing finding that the offense at issue involved methamphetamine also fails.

2. *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

